I concur with the majority's decision to reverse and remand the case; however, I respectfully dissent from the majority's opinion as to the determination of damages.
The general rule in an action to recover damages for injury to real property permits a landowner to recover reasonable restoration costs, plus the reasonable value of the loss of use of the property between the time of the injury and the time of restoration. Jones v. Dayton Power LightCo. (Dec. 19, 1994), Greene App. No. 94-CA-49. Under the general rule, however, damages for recoverable restoration costs are limited to the difference between the pre-injury and post-injury fair market value of the real property. Id., citing Ohio Collieries Co. v. Cocke (1923),107 Ohio St. 238; Reeser v. Weaver Bros., Inc. (1992),78 Ohio App.3d 681, 692. As a result, if restoration costs exceed the diminution in fair market value, under the general rule the diminution in value becomes the measure of damages. Id. Also, the burden of establishing the diminution in market value is on the complaining party. Id.
However, there is an exception to the general rule, which is noted by the majority. Ohio law holds that the general rule is not an exclusive formula to be applied in every case. Under the exception, where noncommercial property is involved, restoration costs may be recovered in excess of diminution in fair market value when there are reasons personal to the owner for seeking restoration and when the diminution in fair market value does not adequately compensate the owner for the harm done.Jones, supra, citing Thatcher v. Lane Construction Co. (1970),21 Ohio App.2d 41; Denoyer v. Lamb (1984), 22 Ohio App.3d 136.
I do not agree with the majority's determination that restoration costs may in some instances be awarded without evidence of diminution in market value. A property owner cannot establish that restoration costs are reasonable without having evidence of the diminution of market value. SeeReeser, 78 Ohio St.3d at 691. While the exception permits recovery in excess of the diminution in fair market value, a property owner must nevertheless establish both "reasons personal to the owner for seeking restoration" and that the "diminution in fair market value does not adequately compensate the owner for the harm done." Without evidence of both requirements, a determination cannot be made that the restoration costs are reasonable.
Accordingly, I would reverse the decision of the trial court, remand the matter, and allow appellants an opportunity to supplement their evidence of damages.